RAMIREZ, LEAL & COMPANY,
Plaintiff-Appellant,

v.

CITY DEMONSTRATION AGENCY et
al., Defendants-Appellees.

No. 75–1024.

United States Court of Appeals,
Ninth Circuit.

Feb. 24, 1977.

Rehearing Denied March 23, 1977.

John W. Keker, Kipperman, Shawn &
Keker, San Francisco, Cal., for plaintiff-appellant.

Judith Teichman, Deputy City Atty., San
Francisco, Cal., for defendants-appellees.

*On Petition for Rehearing*

Before DUNIWAY and GOODWIN, Circuit Judges, and CURTIS,* District Judge.

OPINION

DUNIWAY, Circuit Judge:

Part V. of our opinion, filed on October 1, 1976, is withdrawn, and in its place the following is substituted:

V. *It was error to grant, as an alternative, a summary judgment for defendants on the merits.*

In its "Decision and Order," the trial court first concluded that "neither 42 U.S.C. 3301 *et seq.*, 12 U.S.C. 1701(u), nor the CDA letters require the City to contract 'to the greatest extent feasible' with business concerns located in the neighborhood area. The City *is* contractually required by the Grant Agreement to ensure such preferential treatment in contract awards, but plaintiff lacks standing to enforce this Grant Agreement." The court then stated:

For the purpose of considering the cross motions for summary judgment the Court will assume *arguendo* that (1) 42 U.S.C. 3301 *et seq.*; 12 U.S.C. 1701(u), the HUD Circulars and the Grant Agreement all legally obligate the City to give preferential treatment to plaintiff and (2) that plaintiff has standing to sue as a third party beneficiary. Furthermore, the Court is of the opinion, and therefore finds that the record now before it does not leave any genuine issue of material fact at issue.

(footnote omitted)

The Court then proceeded to review the evidence and conclude that summary judgment should be rendered for defendants. In doing so, however, the court applied a wrong legal standard. It summarized its views as follows:

By way of summary: (1) Plaintiff was never the low bidder as his initial $30,000 bid did not include certain agencies to be audited; (2) City officials correctly considered $40,000 as plaintiff's 'final' bid; (3) Plaintiff's bid exceeded Haskins & Sells by $10,000 or approximately 33%; (4) The San Francisco Model Cities Program was in serious financial trouble; (5) City officials knew of a general requirement that contracts be awarded "to the greatest extent feasible" to neighborhood business concerns.

This Court can neither make a finding of fact nor a conclusion of law that it was feasible to award the audit contract to plaintiff's accounting firm. The flexible language "to the greatest extent feasible" gives broad discretion to the officials charged with the responsibility of awarding contracts. Unless the facts clearly show these officials failed to apply a required standard or were clearly erroneous in determining feasibility, courts are prohibited from disturbing their decisions.

*       *       *       *       *       *

There is no question concerning plaintiff's competence to perform the audit and there is little dispute that an award to the plaintiffs [*sic*] would advance the policies set forth in 12 U.S.C. 1710(u), 42

* The Honorable Jesse W. Curtis, Senior United States District Judge for the Central District of California, sitting by designation.

U.S.C. 3303(a), Circular #8 and the Grant Agreement.

\* \* \* \* \* \*

While, as plaintiff's counsel argues, defendants were not legally bound to request proposals from other accountants and could have negotiated an audit agreement directly with plaintiff they chose not to do so. There appears to be a rational basis for the approach they took. The fact that Ramirez was invited to submit a proposal shows that he was not being ignored or excluded. The fact that defendants were willing to give him a 5% advantage in the bidding process shows due concern to give a preference to employees [*sic*] in the Model Cities Area. However, when Mr. Ramirez's bid exceeded the Haskins & Sells bid by 80% it was clearly not feasible to make the award to Ramirez.

Finally, the Court finds the defendants' reasons for not allowing Ramirez to meet Haskins & Sells' low bid to be most persuasive.

(footnotes omitted)

The statute, contrary to the views of the trial court, does require award of the contract in issue, "to the greatest extent feasible," to Ramirez. This language clearly requires more than the trial court seems to think that it does. It is not enough that Ramirez was given a chance to bid, or that defendants "chose" not to negotiate with him. It is not enough that there appears to be a rational basis for what the defendants did. They were required, to the "greatest extent feasible," to contract with Ramirez. This is strong language. It does not give the City officials the "broad discretion" that the trial court concluded that it does. We think that "greatest extent" means what it says, the maximum, and that the defendants were therefore obliged to take every affirmative action that they could properly take to make the award to Ramirez. Most of the evidence strongly points to a conclusion that they did not do so, and that what they did do had the effect, whether intentionally or not, of preventing Ramirez from getting the contract. The affidavits and testimony of Koeritz and others make it clear that they, as the responsible officials involved, shared the trial court's views about their duties. They just did not believe that "greatest extent feasible" means what it says. At the very least, there is conflict in the evidence on the question. It follows that it was error to grant a summary judgment for the defendants.

The petition for a rehearing is denied.

The judgment is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.